UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVE BOWIE-MYLES,

v.  Case No. 8:03-cr-437-T-17MAP
    8:06-cv-1161-T-17MAP

UNITED STATES OF AMERICA.

O R D E R

This cause is before the Court upon Defendant's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. cv-1; cr-158).

BACKGROUND

On October 23, 2003, a grand jury in the Middle District of Florida returned a two count indictment charging Defendant Bowie-Myles with: (a) possessing with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. §§ 1903(a) and 1903(g); 21 U.S.C. § 960(b)(1)(B)(ii); and 18 U.S.C. § 2 (Count One); and (b) conspiring to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. §§ 1903(a),

---

[1] The Indictment was sealed for reasons unrelated to the charges against Defendant Bowie-Myles. A First Superseding Indictment was returned on November 6,

2003. D-cr-27. As it relates to Defendant Bowie-Myles, the First Superseding Indictment was identical to the original Indictment. However, Defendant Bowie-Myles entered a plea of guilty to–and was convicted on the charge contained in--Count One of the original Indictment (rather than to Count One of the First Superseding Indictment). D-cr- 50; D-cr-54; D-cr-74; D-cr-82; D-cr-86; D-cr-148. At the time of sentencing, the First Superseding Indictment was dismissed pursuant to a motion by the Government. D-cr- 82; D-cr-86. Therefore, the First Superseding Indictment will not be discussed further herein. 2 1903(j), and 1903(g); and 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two).[1]

On January 7, 2004, pursuant to a written plea agreement, D-cr-50, Defendant Bowie-Myles entered a plea of guilty to Count One of the Indictment. D-cr-54. The written plea agreement and the Rule 11 plea colloquy clearly established that Defendant Bowie-Myles was pleading guilty to possessing with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. §§ 1903(a) and 1903(g); and 21 U.S.C. § 960(b)(1)(B)(ii). D-cr-50; D-cr-54.

On May 14, 2004, the Court sentenced Defendant Bowie-Myles for his conviction on the charge contained in Count One of the Indictment. D-cr-82. Defendant Bowie-Myles was sentenced to a term of imprisonment of 168 months, a term of supervised release of

---

[1] The Indictment was sealed for reasons unrelated to the charges against Bowie-Myles. A First superseding Indictment was returned on November 6, 2003. D-cr-27. As it relates to Defendant Bowie-Myles, the First Superseding Indictment was identical to the original Indictment. However, Defendant Bowie-Myles entered a plea of guilty to–and was convicted on the charge contained in--Count One of the original Indictment (rather than to Count One of the First Superseding Indictment). D-cr-50; D-cr-54; D-cr-74; D-cr-82; D-cr-86; D-cr-148. At the time of sentencing, the First Superseding Indictment was dismissed pursuant to a motion by the Government. D-cr-82; D-cr-86. Therefore, the First Superseding Indictment will not be discussed further herein.

five (5) years, and a special assessment of $100. D-cr-82; D-cr-86.

On May 17, 2004, the criminal judgment was filed. D-cr-86. The criminal judgment correctly stated Defendant Bowie's sentence. The criminal judgment also correctly stated that Defendant Bowie Myles was convicted of Count One of the Indictment, and correctly cited the operative provisions of the United States Code, The criminal judgment also contained a citation to 46 App. U.S.C. § 1903(j). This additional citation was incorrect, but it was merely surplusage. 3 "46:USC:1903(a)(g)." However, in setting forth the nature of the offense, the criminal judgment incorrectly stated that Defendant Bowie-Myles was convicted of "Conspiracy to Possess with Intent to Distribute 5 Kilograms or More of Cocaine." D-cr-86.

On May 27, 2004, Defendant Bowie-Myles filed a timely notice of appeal. D-cr-91. Defendant's appeal to the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") was assigned case number 04-12743-D.

On August 25, 2004, the Eleventh Circuit entered a per curiam order dismissing the appeal with prejudice. D-cr-118. The order of dismissal was issued as the mandate of the Eleventh Circuit. D-cr-118. Defendant Bowie-Myles did not file a petition for writ of certiorari seeking review in the Supreme Court. D-cv-1 at 2.

On June 20, 2005, the Court, acting sua sponte, entered a First Amended Judgment in a Criminal Case, D-cr-148, which corrected the clerical (or scrivener's) error contained in the initial criminal judgment. See Paragraph 4, above. The First Amended Judgment correctly described the nature of offense as "Possession with Intent to Distribute Five Kilograms or More of Cocaine." D-cr-148. There was no change in the sentence imposed.

On June 22, 2006, Defendant Bowie-Myles filed the instant Section 2255 motion.

D-cv-1. The Section 2255 motion was signed and dated by Defendant Bowie-Myles on June 16, 2006. D-cv-1 at 17. On June 27, 2006, the Court entered an order directing, among other things that the Government file "an abbreviated response addressing the issue of whether the motion to vacate is timely under the AEDPA." D-cv-2.

## MOTION TO VACATE IS UNTIMELY

Section 2255 provides that a motion to vacate, set aside, or correct sentence must be filed within one year of the time a judgment of conviction becomes "final." See 28 U.S.C. § 2255 ¶6 (1). When a defendant appeals, but does not seek certiorari review in the Supreme Court, his conviction becomes "final" when the 90-day period for seeking certiorari review expires. *See Clay v. United States*, 537 U.S. 522, 525 (2003)("For purposes of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); *see also Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003) (same); *Kaufman v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002)(same).

The Supreme Court's Rules make clear that the 90-day period for filing a petition for writ of certiorari runs from the time that a judgment is entered by the Court of Appeals. S. Ct. R. 13(3). As explained above, in this case, the Eleventh Circuit entered its judgment dismissing Defendant Bowie-Myles' appeal on August 25, 2004. The time for filing a petition for a writ of certiorari expired 90 days later, on November 23, 2004. This is the date on which Defendant's judgment became "final," within the meaning of 28 U.S.C. § 2255 ¶6 (1), and the one-year limitation period began to run. Therefore, Defendant's Section 2255 motion would be timely only if it were filed on or before November 23, 2005, which is the

date that he signed it.

As explained above, Defendant Bowie-Myles filed the instant Section 2255 motion with the Court on June 22, 2006. However, the Eleventh Circuit has held that a prisoner's pro se Section 2255 motion is deemed "filed" on the date that it is delivered to prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). The Eleventh Circuit has further has held that absent evidence to the contrary, it is to be assumed that a Section 2255 Defendant's motion was delivered to prison authorities on the date that he signed it. *Washington*, 243 F.3d at 1301.

Defendant Bowie-Myles' Section 2255 motion is deemed to have been "filed" on June 16, 2006, which is the date that he signed it. As explained above, the one year limitation period expired on November 23, 2005. Therefore, Defendant Bowie-Myles' Section 2255 motion is almost seven months out of time.

### The Entry of the Amended Judgment Did Not Restart Section 2255's One- Year Limitation Period

The Court, acting sua sponte, entered an amended judgment on June 20, 2005. The change in the judgment, however, was merely clerical in nature; it did nothing more than correct a scrivener's error. As explained above, the Court amended the judgment by changing the description of the offense of conviction. The change in the judgment was insignificant and did not affect--adversely or otherwise--any of Defendant Bowie-Myles' substantial rights. As explained above, the original judgment correctly stated that Defendant Bowie-Myles had been convicted of Count One of the Indictment, and the operative statutory provisions were properly cited therein. Most importantly, the sentence imposed by the Court was correctly set forth in the original judgment. The brief (13-word) description

of the offense of conviction, under the heading "NATURE OF OFFENSE," admittedly was wrong. However, if the first two words of the description, "conspiracy to," had been omitted, the original judgment would have been correct and an amendment would not have been necessary.

The deletion of the words "conspiracy to" in the amended judgment was a simple clerical change correcting a scrivener's error. Rule 36, Federal Rules of Criminal Procedure, provides that "the court may at any time correct a clerical error in a judgment . . . arising from oversight or omission." The Eleventh Circuit repeatedly has held that the correction of the offense of conviction in a criminal judgment is clerical in nature. *See, e.g., United States v. Diaz*, 190 F.3d 1247, 1253 (11th Cir. 1999)("the judgment reflects the incorrect offense, . . . which we regard as simply a clerical error"); *United States v. De La Rosa-Hernandez*, 157 Fed. Appx. 219 (11th Cir. 2005)(unpublished)(fact that judgment incorrectly references count of conviction as possession–instead of conspiracy to possess–is a "clerical error"). Indeed, in addressing a judgment that incorrectly referenced a crime entirely unrelated to the offense of conviction (and cited a statutory subsection that did not exist), the Eleventh Circuit held:

> The judgment entered in this case indicates that [the defendant] was convicted of "18 U.S.C. § 911(g) Possession of a Firearm by a Convicted Felon." The section reference is a <u>scrivener's error</u>. Section 911 involves the crime of falsely impersonating a federal officer or employee, and that statutory provision has no subsections. [The defendant] was actually indicted for, pleaded guilty to, and was convicted of, violating 18 U.S.C. § 922(g), which is the provision prohibiting the possession of a firearm by a convicted felon. . . . The judgment should be amended accordingly . . . .

*United States v. Wimbush*, 103 F.3d 968, 970 (11th Cir. 1997)(emphasis added). The Eleventh Circuit further has held that when the district court corrects an error in a criminal judgment pursuant to Rule 36, Federal Rules of Criminal Procedure, the right to appeal the

judgment does not begin anew. In *United States v. Portillo*, 363 F.3d 1161 (11th Cir. 2004), the district court corrected a clerical error in the restitution provision of a criminal judgment. Thereafter, the defendant appealed the restitution portion of the amended judgment.

The Eleventh Circuit held that the appeal was untimely, pursuant to Rule 4(b)(1)(A), Federal Rules of Appellate Procedure, because the defendant should have appealed the restitution order in the original judgment (which he did not do). The correction of the clerical error did not provide the defendant with a second opportunity to appeal the judgment. *Id.* at 1166.

Although there does not appear to be an Eleventh Circuit case squarely addressing whether the correction of a clerical error with an amended judgment restarts the one-year limitation provision of Section 2255 ¶6 (1), the logic of *Portillo* clearly indicates that it does not. After all, the Supreme Court has held that a judgment of conviction becomes "final," for purposes of Section 2255, when the defendant's opportunity for direct appeal of his conviction has been exhausted. *See Clay v. United States*, 537 U.S. 522, 527-28 (2003).

Furthermore, the other courts that have addressed this narrow issue appear to have held uniformly that when a case is remanded for a ministerial reason or for the correction of a clerical error (or when the district court sua sponte corrects a clerical error in a judgment), the one-year limitation period of Section 2255 does not begin anew when the district court corrects performs the ministerial directive of the appellate court or corrects the clerical error. *See United States v. Wilson*, 256 F.3d 217, 219-20 (4th Cir. 2001)(Section 2255 limitation period not restarted when the district court performs the ministerial task of vacating one count on remand); *United States v. Dodson*, 291 F.3d 268, 275 (4th Cir. 2002)(Section 2255 limitation period does not begin anew when "appellate court . . .

remands for a ministerial purpose that could not result in a valid second appeal"); *United States v. Greer*, 79 Appx. 974 (9th Cir. 2003)(unpublished)(a district court's sua sponte amendment of a judgment, which did not make any change to the legally operative sentence, did not restart Section 2255's limitation period); *United States v. Hayes*, 2006 WL 851184 (E.D. La. March 13, 2006)("remand for ministerial purposes does not toll the period for filing a habeas petition because the defendant would have no legitimate grounds for direct appeal of the district court's" amended judgment); *see also Richardson v. Bramley*, 998 F.2d 463, 465 (7th Cir. 1993)("[a] judgment is not final if the appellate court has remanded the case to the lower court for further proceedings, unless the remand is for a purely "ministerial" purpose")(emphasis added).

In sum, the Court's sua sponte amendment to the judgment, which did nothing more than correct a clerical or scrivener's error, did not restart Section 2255's one-year limitation period. Therefore, as explained above, Defendant Bowie-Myles' conviction became "final," for purposes of Section 2255, on November 23, 2004, when the 90-day period for filing a petition for writ of certiorari expired. Pursuant to Section 2255 ¶6 (1), Defendant Bowie-Myles had until November 23, 2005, to file a Section 2255 motion. The instant motion, "filed" (under the Eleventh Circuit's mailbox rule) on June 16, 2006, was almost seven months out of time.

Defendant has not demonstrated that extraordinary circumstances entitle him to equitable tolling.

Accordingly, the Court orders:

That Defendant Bowie-Myles' motion to vacate (Doc. cv-1; cr-158) is denied, with prejudice.  The Clerk is directed to enter judgment against Bowie-Myles in the civil case

and to close that case.

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 26, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  A. Lee Bentley, III
Steve Bowie-Myles, Pro se